IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROSS ANDREW MCFARLANE,

                Plaintiff,

v.

REMEDY INTELLIGENT STAFFING,
AMANDA and CHRIS,

                Defendants.

OPINION AND ORDER

18-cv-226-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Ross Andrew McFarlane is incarcerated at the Columbia Correctional Institution. He alleges that his former work release employer, defendant Remedy Intelligent Staffing, and two of its employees violated his rights under the Americans with Disabilities Act and committed fraud by denying his worker's compensation claim for injuries that he suffered during his employment. Because plaintiff is proceeding without full prepayment of the filing fee, his complaint must be screened under 28 U.S.C. § 1915(e) to determine whether his complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune from such relief.

      After reviewing the complaint, I conclude that plaintiff may not proceed because his complaint does not implicate any federal claim over which this court has jurisdiction. Although plaintiff alleges discrimination under the Americans with Disabilities Act, he has not alleged that he has a disability or that he suffered an adverse action related to the terms, conditions or privileges of his employment with defendants. Instead, his claim relates to the

1

denial of a worker's compensation claim after he voluntarily quit his job, which is a matter of state law.

The following facts are drawn from plaintiff's complaint and the dismissal and notice of rights and charge of discrimination attached to it.

ALLEGATIONS OF FACT

In early 2016, plaintiff was incarcerated at the Columbia County Jail and was hired by defendant Remedy Intelligent Staffing, a private corporation, as part of a work release program. Defendants Amanda and Chris both work for Remedy Intelligent Staffing.

Plaintiff quit his job with Remedy Intelligent Staffing on April 5, 2016 and began working for Columbia County on April 11, 2016. On April 10, 2016, plaintiff contacted Amanda to inform her that he had been injured while working for Remedy on his "temp to hire" job at Penda Corporation. Although plaintiff does not describe his injuries, he states that he had informed Amanda that he needed arm braces because his job was becoming more difficult and that he had undergone surgery two years before for the same symptoms. On April 12, 2016, Amanda agreed to fax the jail an accident report for plaintiff to complete so that he could be seen by a doctor for his worker's compensation claim. Plaintiff called Remedy Staffing several times during April 2016 to tell them that he had not received the form.

On April 24, 2016, plaintiff saw the doctor at the jail who told him he would have to see an outside doctor for his worker's compensation claim. Plaintiff informed Amanda,

who arranged for plaintiff to go to Remedy the next day to complete the accident report and give a statement to the insurance company. Amanda left the office while plaintiff was on the telephone with a representative from the insurance company, who told plaintiff to go to the emergency room. Amanda returned before plaintiff had left the office and told him that she would make an appointment for him with Remedy's doctor instead. After plaintiff returned to the jail, he learned that Remedy had not made an appointment with the doctor, but that night the insurance company took another statement from plaintiff.

On April 26, 2016, plaintiff called Amanda, who immediately transferred him to Chris at the corporate headquarters. Chris told plaintiff that because plaintiff had been working at a new job for three weeks and had failed to make a claim earlier, his injuries were his new employer's responsibility. Chris was not aware that plaintiff had been trying to file a claim since April 10. Plaintiff later saw a doctor at a hospital in Portage who gave him hand and arm braces and referred him to a surgeon.

On January 24, 2017, the Equal Employment Opportunities Commission mailed plaintiff a notice informing him that it his claim was being dismissed and that he had the right to file a lawsuit within 90 days. Almost a year later, on January 17, 2018, plaintiff filed a charge of discrimination with the Wisconsin Equal Rights Division and the Equal Employment Opportunities Commission, stating that he had been discriminated against on the basis of disability when his worker's compensation claim was denied on April 28, 2017. (It is unclear whether the 2017 right-to-sue notice related to the same claim as the 2018 charge of discrimination, and plaintiff has not said what happened with the charge of

3

discrimination he filed in 2018.)

OPINION

Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112(a), prohibits employers from discriminating against employees with disabilities who are otherwise qualified.  The definition of "discriminate" in the act is broad and includes discrimination with respect to various "terms, conditions, and privileges of employment," including job applications, hiring, advancement, termination, compensation and training.  Id.  To satisfy the pleading requirements for an employment disability discrimination claim under the act, plaintiff must allege that (1) he is disabled within the meaning of the act; (2) he is qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) he suffered an adverse employment action because of his disability.  Gogos v. AMS Mechanical Systems, Inc., 737 F.3d 1170, 1172 (7th Cir. 2013); Nese v. Julian Nordic Construction Co., 405 F.3d 638, 641 (7th Cir. 2005).  An adverse employment action includes, among other things, screening out an individual using qualification standards not related to his job, failing to make reasonable accommodations for known mental limitations and terminating employment.  42 U.S.C. § 12112(b).  Not only does plaintiff fail to allege what his disability is, he has not alleged that he suffered any adverse action related to the terms or conditions of his employment with Remedy Intelligent Staffing.  Plaintiff voluntarily quit his job and began working for a different employer before he even reported his claim to defendants.

Rather, plaintiff's allegations relate to the denial of his worker's compensation benefits, which is a matter of state law. Wis. Stat. § 102.03 (Wisconsin's Worker's Compensation Act provides exclusive remedy for worker's compensation claims against employer); Rodriguez v. Labor & Industry Review Commission, No. 08-C-147, 2008 WL 496161, at *2 (E.D. Wis. Feb. 21, 2008). A federal court is not empowered to hear all manner of grievances, but rather it may hear only cases that fall within its limited and specifically defined jurisdiction. Because plaintiff's claim is not one over which this court has jurisdiction, I must dismiss it for lack of subject matter jurisdiction. If plaintiff wants to pursue his grievances, he will have to do so through the Worker's Compensation Division of the State of Wisconsin's Department of Workforce Development, the Wisconsin Labor Industry Review Commission or the state court system, depending on the stage of his claim. https://dwd.wisconsin.gov/wc/workers/claim_flow.htm (accessed May 29, 2018) (explaining process by which to file and dispute worker's compensation claims).

ORDER

IT IS ORDERED that plaintiff Ross McFarlane's complaint is DISMISSED for his failure to state a federal claim upon which relief may be granted and for lack of subject matter jurisdiction.

Entered this 1st day of June, 2018.

BY THE COURT:
/s/_____
BARBARA B. CRABB
District Judge